Lizzie V. Cowles, Respondent, *v.* Eugene Cowles, Appellant.

*Alimony — an allowance of one third of the husband's income, derived solely from his services as an opera singer, considered excessive.*

A provision in a judgment for divorce, directing the defendant to pay alimony for the support of his wife and child, amounting to $2,496 a year, was based upon evidence showing that the defendant had received from his profession, which was that of an opera singer, for the five years prior to the trial, about $7,500 a year, but it also appeared that the defendant's income for the year following the trial would be considerably reduced; that he was entirely without property and without income other than the salary paid to him as a singer, with the exception of the sum of about $100 a year royalty upon certain songs, and that during the past year he had been under almost continuous medical treatment, and at times almost voiceless.

*Held,* that an allowance to the wife of one-third of her husband's income, where it is received from investments or from a certain salary, might not be unjust, but that, where it is based entirely upon personal services rendered by the husband, and is liable to be reduced or entirely taken away by conditions beyond his control, an allowance of such proportion, especially of a gross income, is excessive.

APPEAL by the defendant, Eugene Cowles, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of September, 1897, upon the report of a referee, as provides that the defendant shall pay the plaintiff the sum of thirty-eight dollars per week, from the 10th day of December, 1896, for her support and maintenance during the joint lives of the parties, and that the defendant shall pay to the plaintiff the sum of ten dollars per week from the 19th day of December, 1896, for the education and maintenance of their son, Eugene Pomeroy Cowles, so long as he shall live until he attains the age of twenty-one years.

*A. H. Hummel,* for the appellant.

*William T. Schley,* for the respondent.

INGRAHAM, J.:

The action was brought for an absolute divorce and the case was tried before a referee who reported in favor of the plaintiff. Upon that report judgment was entered. The appeal seeks to review the

amount awarded to the plaintiff as alimony for the support of the child of the parties to the action, a boy of the age of eight years. The judgment directs the payment by the defendant to the plaintiff of the sum of $38 per week for alimony, and a further sum of $10 per week for the education and maintenance of the child. The referee found that the receipt of the defendant from his profession, which is that of an opera singer, has averaged for the five years prior to the trial about $7,500 per year, and the amount awarded by the judgment for the support of the wife and child is $2,496 per year. While the testimony sustains the finding of the referee as to the actual income of the defendant for the years prior to the trial, the evidence tends to show that the income of the defendant for the year following the trial would be considerably reduced. By the contract between the defendant and his employers, his compensation was reduced from $225 to $150 per week for the theatrical season commencing in October, 1897, and ending in May, 1898, and the number of performances at which the defendant was required to sing was reduced from six to four per week.

The evidence shows that the defendant is entirely without property, and that his only income is derived from the salary paid to him as an artist, with the exception of a small sum of about $100 per year which he receives as a royalty upon certain songs. It also appeared, without contradiction, that the defendant's ability to perform his contract and thus receive the income testified to depends upon the condition of his voice and his being able to sing at the various performances for which he is engaged; that for the past year he has been under almost continuous medical treatment, at times being unable to sing at all, because of the condition of his throat, and that he was not, at the time of the trial, cured. His physician testifies that when he commenced his treatment the defendant was almost voiceless; that he could hardly speak above a whisper, was unable to sing, and was constantly taking cold; that several operations had been performed on his nose and throat in order to relieve this congestion. It is quite evident from the testimony of the physician that the condition of the defendant's throat was such that it was not certain that he would be able to sing four times per week during the season. The contract itself provides for a reduction in the defendant's compensation for each performance at which

he failed to perform, and also provides that either party shall have the right to cancel and annul the contract upon giving two weeks' notice to the other party, so that even the receipt by the defendant of the amount specified in this contract depends upon the will of the manager of the theatre company, and depends, also, upon his ability to sing. ' Under these circumstances we think the amount awarded by this judgment excessive.

The rule insisted upon by the plaintiff, that a wife would be entitled to receive one-third of her husband's income, is not, and never has been, arbitrarily applied. Where the income is that received from investments, or a certain salary paid, it may not be said to be unjust, but where, as in this case, it is based entirely upon the personal services rendered by a husband, and which are liable to be reduced or entirely taken away by conditions beyond the control of the husband, thus being of such an uncertain character that they cannot be depended upon, and where the defendant has absolutely no income or means from which it can be supplied, it would seem that an allowance of one-third of the income was in excess of that which should be allowed. This is especially so where the income is a gross income from which there must necessarily be deducted, in order to render the services for which the income is received, a considerable sum of money in the way of expenses. Here, the defendant is compelled to supply certain costumes, to pay his hotel bills and his physician's fees. Those payments are really required as a necessary disbursement in order to entitle him to receive the salary paid to him.

Under the circumstances, we think that the sum of thirty-five dollars per week to be paid to the plaintiff, both for the support of herself and her child, is as much as the income of the defendant justifies the court in awarding; and the judgment appealed from is modified by making an allowance to the wife of twenty-five dollars per week, instead of thirty-eight dollars, as allowed her in the judgment. As thus modified, the judgment is affirmed, without costs to either party upon this appeal.

PATTERSON, RUMSEY and O'BRIEN, JJ., concurred.

Judgment modified by reducing allowance to the wife to twenty-five dollars per week, and as modified, affirmed, without costs.